## North Akron Savings and Loan Association
## v.
## Rondy

*[Cite as 5 AOA 203]*

Case No. 14137
Summit County, (9th)
Decided July 11, 1990

David P. Bertsch, Attorney at Law, P.O. Box 1500, 50 S. Main St., Akron, OH 44309, for Plaintiff.

Elio Ciccolini, Attorney at Law, 2715 Manchester Rd., P.O. Box 2104, Akron, OH 44309, for Defendants.

Michael C. Scanlon, Attorney at Law, 820 Society Bldg., Akron, OH 44308, for Defendants.

Patrick J. Wack, Attorney at Law, 41 Merz Blvd., Akron, OH 44313, for Defendants.

CIRIGLIANO, J.

This case is before this court on an appeal of North Akron Savings & Loan Association (North Akron) from the trial court's judgment in its declaratory judgment action against appellee James A. Rondy, Administrator of the estate of Filippo Stillo. The trial court's order found that appellant North Akron is liable to the estate for the disbursement of estate assets prior to the formal appointment of an executrix.

This case involves three certificates of deposit totaling $92,287.33 in the name of Filippo Stillo held at North Akron. Filippo Stillo died on October 7, 1985, survived by his wife Marie Stillo and seven adult children from a prior marriage. Decedent's will nominated Marie as executrix and left her all his personal property, including the certificates of deposit held by North Akron plus a life estate in the residence.

Marie and one of the decedent's sons, Dominic Stillo, met with their attorney to review the decedent's will. The attorney informed Marie that she was the sole beneficiary of the estate and that there were no other debts or third party claims against the estate. At that time Marie expressed her wish to give some of the money from the certificates of deposit to each of decedent's seven children as gifts and requested the attorney to expedite matters because one of the children was seriously ill and in need of money to help pay outstanding medical bills.

To this end, the attorney prepared a power of attorney for Marie designating Dominic as her agent to help in administering the estate. On November 4, 1985, the attorney filed applications in the Summit County Court of Common Pleas, Probate Division to admit the will into probate and to formally appoint Marie as executrix. Additionally, Marie's attorney obtained tax

waivers from the County Auditor's Office for the certificates of deposit, as required by R.C. 5731.39. The tax waivers served as consent for the immediate transfer of assets but were issued to Akron Savings and Loan instead of North Akron Savings and Loan. The attorney then advised Dominic that the funds could now be withdrawn from North Akron and given to Marie.

That same day, Marie and Dominic personally presented the certificates of deposit, the power of attorney and the tax waivers to Mary Lou Clason, North Akron's Vice President, whom Marie had dealt with in previous banking matters. Clason was told that the certificates of official character appointing Marie as executrix would be forthcoming. Marie then directed Clason to close out the certificates of deposit and issue checks to the seven children. Six children would receive $10,000 each while one child would receive $7,000 because he owed Marie $3,000 from a previous loan. The remaining funds were deposited in a joint and survivorship account in the names of Marie and Dominic. Dominic mailed or personally delivered each child's check with the explanation that the money was Marie's gift to them from their father's estate.

On November 8, 1985, four days after North Akron disbursed the funds, the probate court issued the certificates of official character formally appointing Marie as the executrix of the estate. Some nine months later, Marie felt that the children had not shown sufficient love and appreciation towards her and she demanded the children return the gifts of money. Some of the children had already spent their money. One had since died. The end result was that none of the children returned the gifts.

In January, 1987, Marie resigned as executrix and the probate court appointed attorney James Rondy to serve as administrator de bonis non of the estate. In February, 1987, Rondy sent a letter to North Akron with the necessary tax waivers requesting that the certificates of deposit be paid to him as administrator. North Akron refused to comply with this request.

North Akron then filed a declaratory judgment action seeking to equitably bar the estate from making a claim against North Akron based upon the conduct of Marie Stillo as executrix of the estate. In its second cause of action, North Akron sought judgment against Marie and Dominic Stillo for conversion, fraud, constructive trust and unjust enrichment based upon their having withdrawn and distributed the funds prior to Marie's formal appointment as executrix.

The estate filed an answer and counterclaim against North Akron for having prematurely disbursed the funds. North Akron filed a reply to the counterclaim raising the affirmative defenses of laches, estoppel, ratification, unjust enrichment and unclean hands. Dominic and Marie filed cross-claims against one another and they each filed third party claims against the other children. The trial court bifurcated the two counts in the complaint and a hearing was held on the declaratory judgment action. The trial court determined that the first cause of action was not proper for declaratory judgment and proceeded to a jury trial.

On April 21, 1989, the trial court issued a judgment entry on the estate's motion to reconsider the court's previous denial of a motion for summary judgment on the counterclaim. The trial court held that North Akron improperly paid the funds without the showing of a fiduciary of the estate and therefore was liable to the estate. Furthermore, the trial court found that the funds were transferred in the presence of, and with the consent of, the surviving spouse, under a mistake of fact and, therefore not recoverable by North Akron. The trial court entered judgment against North Akron and all remaining claims were dismissed.

Plaintiff thereafter filed this appeal assigning the following assignments of error.

### ASSIGNMENTS OF ERROR

"I. The trial court committed prejudicial error as a matter of law in not granting judgment in favor of North Akron Savings on its first cause of action against the estate.

"II. The trial court committed prejudicial error as a matter of law in granting summary judgment against North Akron Savings on its first cause of action against the estate."

Since these two assignments of error are closely related, we will address them jointly.

The trial court relied heavily on two statutes in concluding that North Akron was liable to the estate for transferring the certificates of deposit. First, the trial court considered the application of R.C. 5731.39, which prohibits the transfer of funds without the written consent of the tax commissioner. Under this statute, the trial court determined that since the tax waiver forms that Marie Stillo presented to North Akron were issued to "Akron Savings and Loan instead of "North Akron Savings and Loan Association,"

the assets were transferred without proper consent and therefore in violation of the statute.

We will not find liability, to the extent sought in this case, upon the basis of a possible typographical error. Furthermore, the statute provides that the consequences of a failure to comply with the consent requirement are a tax liability, under Chapter 5731, and a monetary penalty. R.C. 5731.39(G). For North Akron to reimburse the estate for the alleged improper disbursement of funds, we require more supportive grounds.

The trial court also relied on R.C. 1339.02 to buttress its findings. R.C. 1339.02 grants liability protection to one who relies on the conduct of an apparent fiduciary. It states, in pertinent part:

"Such issuer may treat a fiduciary as having capacity and authority to exercise all said rights of ownership in respect of such securities that are of record in the name of a decedent holder, of a person in conservation, receivership, or bankruptcy, or of a minor, incompetent person, or a person under disability; and such issuer shall be protected in any action taken or suffered by it in reliance upon any instrument showing the appointment of such fiduciary."

The court below held that since the funds were released on November 4, 1985 to Marie and Dominic and before the appointment of a fiduciary, the funds were paid in violation of R.C. 1339.02. We are aware that the transfer occurred four days prior to the formal appointment of a fiduciary but we cannot ignore the strong circumstances that surrounded Clason's decision to release the certificates. Marie presented Clason with a valid power of attorney executed for the specific purpose of having Dominic assist her in administering the estate. She also possessed the tax consent forms and informed Clason that the applications for appointment as executrix had been filed with the probate court.[1] These factors along with Clason's familiarity with the parties, led to the decision granting Marie's request.

We find sufficient evidence that North Akron relied, in good faith, upon the instruments presented, warranting protection under this statute. Accordingly, we find that the trial court's dependence upon R.C. 1339.02 in its decision was improper.

Alternatively, we turn to R.C. 2109.02 and its surrounding case law to resolve this action. This relevant statute provides, in part, as follows:

"*** .

"No act or transaction by a fiduciary is valid prior to the issuance of letters of appointment to him. This section does not prevent an executor named in a will, or an executor nominated pursuant to a power as described in section 2107.65 of the Revised Code, from paying funeral expenses, or prevent necessary acts for the preservation of the trust estate prior to the issuance of such letters."

This statute indicates that not all of an executrix's actions prior to a formal appointment are absolutely prohibited. Arguably, Marie's collection of the assets and delegation of funds, even though they occurred prior to her appointment, were in keeping with the decedent's wishes for his estate.

In addition, we apply the rule of law as presented in *Wrinkle v. Trabert, Admr.* (1963), 174 Ohio St. 233. This case applied the doctrine of "relation back" to validate the executrix's actions performed prior to a formal appointment. This doctrine is applied when the result would be beneficial to the estate.

As applied to the present case, the formal appointment of Marie as executrix on November 8, 1985, would relate back to validate the collection and distribution of estate assets occurring four days earlier. Appellee argues that the "relation back" theory is inapplicable in this case because it would not serve to benefit the estate in that it would prevent the estate from recovering assets. We disagree.

The specific circumstances in this case justify the application of the doctrine. The evidence is undisputed that Marie was the sole beneficiary of the estate, that there were no other debts or claims and that the decedent's will nominated her as executrix. There is no compelling reason in this case to void a transaction occurring four days prior in time to when it could have legally occurred. Under these circumstances, the axiom, "the law will not require a futile thing" is entirely appropriate.

We find that Marie's actions do serve to benefit the estate. Marie's chief duties as executrix are to expeditiously collect the assets, pay the debts and distribute any balance to those who are entitled to receive them. These duties were successfully completed and in turn beneficial to the estate. We can not endorse Marie's indirect attempt to recover her generosity.

Therefore, we sustain North Akron's first two assignments of error and find that appellant is not liable to the estate for the disbursement of the decedent's certificates of deposit.

*ASSIGNMENTS OF ERROR*

"III. The trial court committed prejudicial error as a matter of law in not granting judgment for North Akron Savings against Marie and Dominic Stillo on its second cause of action for conversion, fraud, constructive trust and unjust enrichment arising out of their withdrawal and distribution of decedent's funds prior to Marie Stillo's appointment as executrix.

"IV. The trial court committed prejudicial error as a matter of law in granting summary judgment against North Akron Savings on its second cause of action against Marie and Dominic Stillo for conversion, fraud, constructive trust and unjust enrichment arising out of their withdrawal and distribution of decedent's funds prior to Marie Stillo's appointment as executrix."

In light of our finding that there is no liability on the part of North Akron to the estate, there exists no cause of action against Marie and Dominic Stillo for their conduct arising out of the distribution of decedent's funds. Accordingly, appellant's assignments of error three and four are denied.

We reverse the trial court's judgment and remand this case to the trial court to enter judgment consistent with this opinion.

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

*Judgment reversed and*
*cause remanded.*

CACIOPPO, P.J., and REECE, J., concur.

---

[1] In the order granting Marie's motion to resign as executrix, the probate court made a specific finding that the funds had been distributed by the executrix Marie Stillo.