[Cite as *Cashland Fin. Servs., Inc. v. Hoyt*, 2013-Ohio-3663.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

CASHLAND FINANCIAL SERVICES, INC.

      Appellee

v.

AMBER L. HOYT

      Appellant

C.A. No.      12CA010232

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     08CV156396

DECISION AND JOURNAL ENTRY

Dated: August 26, 2013

HENSAL, Judge.

{¶1} Appellant, Amber L. Hoyt, appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} On October 22, 2007, Appellee, Cashland Financial Services, Inc., loaned Hoyt $500.00. The loan contract signed by Hoyt set forth a "Payment Schedule" that consisted of one payment in the amount of $575.00, which was due on November 5, 2007. On April 22, 2008, Cashland filed a complaint against Hoyt alleging that she breached the contract when she paid only $40.00 of the total amount due under the Payment Schedule. It sought judgment against Hoyt in the amount of $577.86, 5 percent interest per month "or fraction thereof" on the principal loan balance of $500.00, and 8 percent interest per annum on the remaining sum due of $77.86.

{¶3} Hoyt filed an answer that denied the allegations in the complaint, raised several affirmative defenses and asserted a counterclaim against Cashland. The parties engaged in

extensive motion practice, during which the trial court permitted Hoyt to file a third amended counterclaim against Cashland that alleged: (1) breach of contract; (2) violations of the Consumer Sales Practices Act; (3) unjust enrichment; (4) "[m]oney [h]ad and [r]eceived" and (5) declaratory judgment. Hoyt brought the amended counterclaim as a class action on "behalf of herself and a class of all other persons similarly situated."

{¶4} On March 5, 2012, Cashland filed a motion for judgment on the pleadings that sought dismissal of Hoyt's third amended counterclaim.[1] The trial court granted Cashland's motion on May 11, 2012, and found that Hoyt failed to plead allegations sufficient for it to find that Cashland had breached its contract with her or that there was a violation of the Ohio Consumer Sales Practices Act. The court further found that Hoyt's unjust enrichment and money had and received claims were barred because a valid contract existed between the parties and that Hoyt's request for declaratory judgment failed due to the failure of her other claims. Thereafter, Cashland dismissed its complaint against Hoyt without prejudice.

{¶5} Hoyt filed a timely appeal of the trial court judgment that granted Cashland's motion for judgment on the pleadings, and raises three assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

CASHLAND BREACHED ITS CONTRACT WITH MS. HOYT BY CHARGING INTEREST OF MORE THAN TWICE WHAT THE CONTRACT ALLOWS.

---

[1] The motion for judgment on the pleadings was captioned "Plaintiff and Counterclaim-Defendant Ohio Neighborhood Finance, Inc.'s Motion for Judgment on the Pleadings" and further provided that "Ohio Neighborhood Finance, Inc. d/b/a Cashland" is the movant. Cashland's appellate brief also lists "Ohio Neighborhood Finance, Inc." as the appellee. The record does not reflect that Cashland moved to substitute "Ohio Neighborhood Finance, Inc." as the party plaintiff in the trial court proceedings.

{¶6}  Hoyt argues that the trial court erred in granting judgment in favor of Cashland on her breach of contract counterclaim.  This Court disagrees.

{¶7}  A motion for judgment on the pleadings is akin to a delayed motion to dismiss for failure to state a claim.  *Pinkerton v. Thompson*, 174 Ohio App.3d 229, 2007-Ohio-6546, ¶ 18 (9th Dist.).  The trial court must confine its inquiry to the material allegations in the pleadings. *Gawloski v. Miller Brewing Co.*, 96 Ohio App.3d 160, 163 (9th Dist.1994).  "[D]ismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of [her] claim that would entitle [her] to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996).  This Court applies a de novo standard of review when reviewing a trial court's ruling on a motion for judgment on the pleadings.  *Moss v. Lorain Cty. Bd. Of Mental Retardation*, 185 Ohio App.3d 395, 2009-Ohio-6931, ¶ 8 (9th Dist.).

{¶8}  Hoyt alleged that Cashland breached the contract by charging her an interest rate greater than that stated in the agreement. "To prove a breach of contract claim[,] a plaintiff must demonstrate by a preponderance of the evidence that:  (1) a contract existed, (2) the plaintiff fulfilled [her] obligations, (3) the defendant failed to fulfill its obligations, and (4) damages resulted from this failure." *Comstock Homes, Inc. v. Smith Family Trust*, 9th Dist. Summit No. 24627, 2009-Ohio-4864 ¶ 7, quoting *Second Calvary Church of God in Christ v. Chomet*, 9th Dist. Lorain No. 07CA009186, 2008-Ohio-1463, ¶ 9.  "Where a plaintiff seeks to recover damages for breach of contract, the burden is upon [her] to show either substantial performance or tender of performance of the conditions on [her] part to be performed." *Thomas v. Matthews*, 94 Ohio St. 32 (1916), paragraph one of the syllabus.

{¶9} Hoyt does not allege that she repaid the loan when it matured. Accordingly, she has not demonstrated that she has performed her obligation under the contract.

{¶10} Hoyt also alleged that she entered into two prior loan agreements with Cashland that had the same terms and conditions as the October 22, 2007 loan. To the extent, however, that the two prior loans form the basis of Hoyt's claims, she has failed to sufficiently plead each contract. While Hoyt alleged that she repaid the two prior loans, she fails to otherwise allege the specifics of each contract such as the parties to the contract, the date of the contracts, and where the contracts were executed. Further, she failed to attach a copy of the contracts to her third amended counterclaim in accordance with Civil Rule 10(D)(1).

{¶11} Upon our review of the pleadings and the subject contract, this Court finds that the trial court did not err in granting Cashland's motion for judgment on the pleadings as Hoyt can prove no set of facts that would entitle her to relief on her breach of contract claim. Accordingly, Hoyt's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

SECTION 1315.40(B) DOES NOT AUTHORIZE MULTIPLE $20 CHECK COLLECTION FEES FOR A SINGLE TRANSACTION.

{¶12} In her second assignment of error, Hoyt argues that the trial court erred in granting Cashland's motion for judgment on the pleadings on the basis that neither the contract nor statute allows Cashland to collect multiple check collection fees. This Court disagrees.

{¶13} At the loan closing, Hoyt provided Cashland with two checks, each in the amount of $287.50, that were postdated for the loan due date of November 5, 2007. Cashland deposited both of the checks on November 5, 2007, and both checks were returned for insufficient funds. The loan contract contained the following provision: "CHECK COLLECTION CHARGES: You will be charged $20.00 plus any amount passed on from other financial institutions for each

check, negotiable order of withdrawal, share draft, or any other negotiable instrument returned or dishonored for any reason." This contractual language largely mirrors the statutory language found in former Revised Code Section 1315.40(B), which provided that:

> Check collection charges not exceeding an amount equal to twenty dollars plus any amount passed on from other financial institutions for each check * * * returned or dishonored for any reason, provided that the terms and conditions upon which check collection charges will be charged to the borrower are set in the written loan contract * * *.

{¶14} Hoyt alleged in her counterclaim that Cashland violated the Ohio Consumer Sales Practices Act when it sought to charge her two $20.00 collection fees for the returned checks. Specifically, Hoyt's counterclaim alleges that Cashland violated Revised Code Section 1315.41, which prohibited check-cashing businesses from "[c]harg[ing], * * * any additional fees or charges in connection with a loan, other than fees and charges permitted by sections 1315.39 and 1315.40 of the Revised Code * * *." Revised Code Section 1315.44 provided that a violation of Section 1315.41 was deemed an unfair or deceptive action in violation of Revised Code Section 1345.02, which is a provision of the Ohio Consumer Sales Practices Act. The trial court found that "[t]he contract permitted Cashland, in accordance with RC 1315.40(B)[,] to charge check collection fees of 'twenty dollars plus any amount passed on from other financial institutions for each check [* * *] returned and dishonored' in connection with the loan."

{¶15} The allegations contained in the pleadings do not demonstrate that Cashland attempted to collect an improper check collection fee. Cashland alleged in its complaint that it "[had] been charged forty ($40.00) by its bank together with the sum of two dollars and 86/100 ($2.86) as a result of [Hoyt's] checks being returned." Based on its Complaint, Cashland did not attempt to recover more than what was charged by its bank for Hoyt's returned checks in violation of either the contract or Section 1315.40(B). Because Hoyt's cause of action for a

violation of the Ohio Consumer Sales Practices Act is predicated on a violation of Section 1315.41, her claim must fail. Accordingly, Hoyt's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

SECTION 1315.39(A) ALLOWS PAY DAY LENDERS TO CHARGE THEIR OTHERWISE USURIOUS RATES ONLY FOR THE TERM OF THE LOAN, AND SETS A SIX MONTH MAXIMUM LOAN TERM.

{¶16} Hoyt argues in her third assignment of error that the trial court erred in granting judgment on her counterclaim in favor of Cashland as it violated Revised Code Section 1315.39(A) when it charged her interest at the contractual interest rate beyond the 14-day term of the loan. Hoyt's assignment of error is premature as the pleadings do not demonstrate that Hoyt was "charge[d]" anything. While Cashland filed a complaint against her seeking interest on the unpaid principal balance of the loan at the contractual rate, Hoyt denied the allegations and asserted several affirmative defenses. There is no evidence in the pleadings that judgment was entered against Hoyt on Cashland's complaint, which was subsequently dismissed without prejudice. Unless and until there is a judgment against Hoyt that charges her with interest past the 14-day term of the loan, no justiciable issue exists. *Capital One Bank, N.A. v. Harland*, 9th Dist. Wayne No. 09CA0010, 2009-Ohio-5890, ¶9.

III.

{¶17} Hoyt's first and second assignments of error are overruled, and her third assignment of error is premature. The judgment of the Lorain County Court of Common Pleas granting Cashland's motion for judgment on the pleadings is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT


BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY.

WHITMORE, J.
CONCURS.


APPEARANCES:

RONALD I. FREDERICK, Attorney at Law, for Appellant.

DREW H. CAMPBELL and ANTHONY M. SHARETT, Attorneys at Law, for Appellee.