[Cite as *Blumensaadt v. Ohio Valley Head & Neck Surgery*, 2016-Ohio-678.]

STATE OF OHIO        )               IN THE COURT OF APPEALS
                       )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

VIRGINIA BLUMENSAADT           C.A. No.     27833

      Appellant

      v.                           APPEAL FROM JUDGMENT
                               ENTERED IN THE
OHIO VALLEY HEAD AND NECK     COURT OF COMMON PLEAS
SURGERY, et al.                  COUNTY OF SUMMIT, OHIO
                               CASE No.     CV-2015-03-1659

      Appellees

DECISION AND JOURNAL ENTRY

Dated: February 24, 2016

HENSAL, Judge.

**{¶1}** Virginia Blumensaadt appeals a judgment entry of the Summit County Court of Common Pleas that granted judgment on the pleadings to Ohio Valley Head and Neck Surgery, Summa Western Reserve Hospital, Dr. Matthew Lutz, and Dr. Phillip Khalil (collectively "Ohio Valley"). For the following reasons, this Court affirms.

I.

**{¶2}** In March 2015, Ms. Blumensaadt re-filed a malpractice action that she had previously pursued against Ohio Valley. She attached to her complaint a copy of her records from an office visit that she had at a different medical provider before seeking treatment from Ohio Valley. In addition to filing an answer, Ohio Valley moved for judgment on the pleadings, arguing that Ms. Blumensaadt had failed to submit an affidavit of merit in compliance with Civil Rule 10(D)(2). In response, Ms. Blumensaadt alleged that the records she submitted were sufficient because they established that Ohio Valley misdiagnosed her condition and improperly

operated on her. Following a reply by Ohio Valley, the trial court granted its motion for judgment on the pleadings, concluding that Ms. Blumensaadt's purported affidavit of merit did not meet Rule 10(D)(2)'s requirements. Ms. Blumensaadt has appealed, assigning as error that the trial court incorrectly granted Ohio Valley's motion.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN THE FIRST FILING OF JANUARY, 2014. THE TRIAL COURT ORIGINALLY SCHEDULED THE FIRST PRETRIAL HEARING FOR APRIL 7, 2014. THE TRIAL COURT ALSO AGREED TO MEDIATION PRIOR TO PRETRIAL IF BOTH PARTIES AGREED. THAT TO ME WAS A PERFECT WAY TO END THIS SITUATION BUT THE OPPOSING PARTY DID NOT AGREE TO THIS.
THE TRIAL COURT ALSO WAS NOT SATISFIED WITH THE AFFIDAVIT OF MERIT. BECAUSE OF THIS, THE TRIAL COURT CANCELED (SIC) BOTH THE MEDIATION POSSIBILITIES AND THE PRETRIAL. THEREFORE, JUDGMENT WAS GRANTED FOR THE OPPOSING PARTY ON MARCH 20, 2014.
ON JUNE 2, 2014, I FILED A *PRO SE* DOCUMENT TITLED, "JUDGMENT WRONG AND SHOULD BE VACATED." ON JULY 17, 2014, THE TRIAL COURT CONFIRMED THE JUDGMENT DATED MARCH 20, 2014. THE TRIAL COURT ERRED AGAIN WHEN I RE-FILED THE CASE ON MARCH 19, 2015[,] IN COMMON PLEAS COURT. ON MAY, 11 (SIC) 2015, JUDGMENT WAS MADE BY JUDGE TAMMY O'BRIEN, FINAL BUT APPEALABLE STILL WANTING AN AFFIDAVIT OF MERIT. SUCH A DOCUMENT IS 'PROOF THAT A CLAIM HAS MERIT'. (SIC) I CONTEND THE EVIDENCE STATED IN DR. HIGLEY'S DIAGNOSIS, HOSPITAL RECORDS, AND DR. LUTZ' OWN INCORRECT DIAGNOSIS CONSTITUTES AN 'AFFIDAVIT OF MERIT'. (SIC)

{¶3} Although Ms. Blumensaadt does not develop an argument in the body of her brief, her assignment of error raises three issues. The first two, regarding purported actions by the court that presided over her first case, needed to be raised in a timely appeal from that case and cannot be addressed by this Court at this time. *See* App.R. 4(A)(1) (providing that a party must file a notice of appeal within 30 days).

{¶4} Ms. Blumensaadt also argues that the trial court incorrectly determined that the documents she attached to her complaint did not constitute an affidavit of merit. "An affidavit of merit is necessary to establish the sufficiency of a complaint, and a motion to dismiss for failure to state a claim is the proper method to challenge adequacy of the affidavit." *Wick v. Lorain Manor, Inc.*, 9th Dist. Lorain No. 12CA010324, 2014-Ohio-4329, ¶ 15. While Ohio Valley filed a motion for judgment on the pleadings instead of a motion to dismiss, such motions are "akin to a delayed motion to dismiss for failure to state a claim." *Cashland Fin. Servs., Inc. v. Hoyt*, 9th Dist. Lorain No. 12CA010232, 2013-Ohio-3663, ¶ 7.

{¶5} Regarding the requirements of an affidavit of merit, Civil Rule 10(D)(2) provides that a complaint that includes a medical claim shall include one or more affidavits of merit relative to each defendant named in the complaint. An affidavit of merit "shall be provided by an expert witness" and shall include "(i) [a] statement that the affiant has reviewed all medical records reasonably available to the plaintiff * * *; (ii) [a] statement that the affiant is familiar with the applicable standard of care; [and] (iii) [t]he opinion of the affiant that the standard of care was breached * * * and * * * caused injury to the plaintiff." Civ.R. 10(D)(2).

{¶6} The medical records that Ms. Blumensaadt attached to her complaint do not meet the requirements of an affidavit of merit. They are not an affidavit by an expert witness who claims to have reviewed Ms. Blumensaadt's medical records, who claims to be familiar with the standard of care, and who alleges that Ohio Valley breached that standard, causing injury to Ms. Blumensaadt. We, therefore, conclude that the trial court correctly concluded that Ms. Blumensaadt failed to comply with Rule 10(D)(2). Ms. Blumensaadt's assignment of error is overruled.

III.

**{¶7}** The trial court correctly granted judgment on the pleadings to Ohio Valley.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

VIRGINIA BLUMENSAADT, pro se, Appellant.

MICHAEL OCKERMAN, W. BRADFORD LONGBRAKE, and CAROL N. TRAN, Attorneys at Law, for Appellee.