[Cite as *Ortiz v. Smith-Walker*, 2024-Ohio-2298.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

EDGAR ORTIZ, et al.

    Appellants

    v.

LEANNA SMITH-WALKER, et al.

    Appellees

C.A. No.     23CA012006

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    2022 PC 00049

DECISION AND JOURNAL ENTRY

Dated: June 17, 2024

FLAGG LANZINGER, Judge.

**{¶1}** Edgar Ortiz and Keila Mercado ("Claimants") appeal from the judgment of the Lorain County Court of Common Pleas, Probate Division. For the following reasons, this Court affirms.

I.

**{¶2}** According to their complaint, Claimants executed a land installment contract (the "Contract") with the Estate of Jesse Mathews (the "Estate") for a residential property located in Lorain, Ohio. Claimants alleged that they made all payments under the Contract, yet Leanna Smith-Walker, Executor of the Estate ("Smith-Walker"), wrongfully sought their eviction from the property. Claimants sought a declaratory judgment, requesting (in part) the probate court to declare that: (1) the Contract was valid; (2) they made all payments under the Contract; and (3) they were entitled to a deed and transfer of a fee simple estate, as required under the Contract.

{¶3} Claimants attached a copy of the Contract to their complaint. The Contract indicates that Claimants entered into a contract with "Adrian Taylor" on behalf of "JLM Enterprises, LLC[.]" The Contract required Claimants to submit payments to JLM Enterprises, LLC. Claimants also attached an accounting that purportedly reflected the payments Claimants made under the Contract.

{¶4} In response to Claimants' complaint, Smith-Walker moved for judgment on the pleadings under Civ.R. 12(C). Smith-Walker argued that: (1) Claimants' claim was time-barred because Claimants did not present it within six months of the decedent's death; (2) Claimants had no claim against the Estate because neither the Estate nor its fiduciary was a party to the Contract; (3) Claimants' claim was barred by the doctrine of caveat emptor; and (4) the Contract was invalid because it was not acknowledged before a public official.

{¶5} Regarding Smith-Walker's argument that Claimants had no claim against the Estate, Smith-Walker pointed to the fact that the first page of the Contract reflected the "BUYER" as Claimants, and the "SELLER" as "JLM Enterprises, LLC, Adrian Taylor, Manager[.]" Smith-Walker also pointed to the fact that the signature page reflected that the Contract was signed by Claimants and "Adrian Taylor dba JLM Enterprise[.]" Smith-Walker argued that, "according to its own terms, [the Contract] has nothing to do with the Estate * * * or anyone functioning as a representative of the estate. It is between three private parties."

{¶6} Smith-Walker then asserted that JLM Enterprises, LLC was a non-existent corporation according to the website of the Ohio Secretary of State. Smith-Walker concluded that "[a] contract made by Adrian Taylor dba a bogus LLC or on behalf of a non-existent corporation cannot bind or be imputed to the Estate * * *."

**{¶7}** Claimants opposed Smith-Walker's motion for judgment on the pleadings and reiterated their request for a declaratory judgment in a document captioned:

> Motion to Declare Validity of Land Installment Contract, to Declare its Payment in full, and to order Executor (Estate Vendor) to issue deed for the purchased real property to plaintiffs Vendees and Response to Leanna Smith-Walker, Executor's Motion for Judgment on the Pleadings

("Motion to Declare").

**{¶8}** The probate court held a hearing on the parties' respective motions. After the hearing, the probate court granted Smith-Walker's motion for judgment on the pleadings and denied Claimants' Motion to Declare.

**{¶9}** In granting Smith-Walker's motion for judgment on the pleadings, the probate court determined that the Contract was invalid because it did not comply with the statutory requirements for land installment contracts set forth in R.C. 5313.02. The probate court then stated that a land installment contract can be equitably enforced if: (1) the contract substantially complies with R.C. 5313.02; and (2) the parties' performance under the contract evidences an intent to enter into a final, binding agreement. The probate court determined that, even assuming the Contract substantially complied with R.C. 5313.02, the Contract could not be equitably enforced because the Estate was not a party to the Contract.

**{¶10}** Regarding the latter, the probate court explained that Adrian Taylor had previously been the executor of the Estate, but that she entered into the Contract with Claimants prior to her appointment as executor. The probate court determined that Taylor's subsequent appointment as executor did not validate/relate back to her action of contracting with Claimants because the Contract was of no benefit to the Estate. Thus, the probate court concluded that Claimants could prove no set of facts in support of their claim that would entitle them to relief against the Estate.

**{¶11}** Claimants now appeal, raising two assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN MAKING ITS JUNE 1, 2023, DECISION WHEN IT FAILED TO RECOGNIZE AND DECLARE THAT A CONTRACT FOR THE SALE OF REAL PROPERTY EXISTED AND BY ITS DECLARATION, DETERMINATION, AND FINDING THAT APPELLANTS EDGAR ORTIZ AND KEILA MERCADO HAD NO ENFORCEABLE CONTRACT WITH THE ESTATE UPON RESOLUTION OF JUDGMENT[] UPON THE PLEADINGS MADE BY THE PARTIES UNDER CIV.R.12(C) MOTIONS. * * *.[1]

{¶12} In their first assignment of error, Claimants argue that the probate court erred by granting Smith-Walker's motion for judgment on the pleadings. This Court disagrees.

{¶13} "This Court applies a de novo standard of review when reviewing a trial court's ruling on a motion for judgment on the pleadings." *Cashland Fin. Servs., Inc. v. Hoyt*, 9th Dist. Lorain No. 12CA010232, 2013-Ohio-3663, ¶ 7. Such a motion is "akin to a delayed motion to dismiss for failure to state a claim." *Id.* A motion for judgment on the pleadings, however, is "specifically for resolving questions of law." *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581 (2001), quoting *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996).

{¶14} "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond a doubt, that the plaintiff can prove no set of

---

[1] Claimants' assignment of error contains additional language that amounts to an argument in support of the assigned error, which is improper. *See* App.R. 16(A)(3) and (A)(7) (regarding assignments of error and arguments). This Court has omitted the additional language from the assignment of error, which does not affect our analysis.

facts in support of his claim that would entitle him to relief." *Pontious* at 570. In deciding a motion for judgment on the pleadings, this Court reviews only the "material allegations in the pleadings[,]"and any attachments thereto. *Hoyt* at ¶ 7; *see Padula v. Wagner*, 9th Dist. Summit No. 27509, 2015-Ohio-2374, ¶ 13; Civ.R. 10(C).

{¶15} The Contract attached to Claimants' complaint reflects that Claimants purportedly entered into a contract with "Adrian Taylor" on behalf of "JLM Enterprises, LLC[.]" Claimants' complaint neither mentions Adrian Taylor or JLM Enterprises, nor does it contain any allegations against them. Simply put, the complaint fails to allege any connection between Adrian Taylor and/or JLM Enterprises, LLC with the Estate. Construing the material allegations in the complaint in favor of Claimants, this Court concludes that the probate court did not err by concluding that Claimants could prove no set of facts in support of their claim that would entitle them to relief against the Estate. Accordingly, the probate court did not err by granting Smith-Walker's motion for judgment on the pleadings.

{¶16} In reaching this conclusion, this Court acknowledges that the probate court's judgment entry indicates that it did not confine its analysis to the material allegations set forth in the pleadings and any attachments thereto as required under Civ.R. 12(C). For example, the probate court determined that Adrian Taylor had no authority to enter into the Contract on behalf of the Estate, and that JLM Enterprises, LLC was a fictious corporation. Notwithstanding, the Ohio Supreme Court has "consistently held that a reviewing court should not reverse a correct judgment merely because it is based on erroneous reasons." *Breazeale v. Infrastructure & Dev. Eng., Inc.*, 1st Dist. Hamilton No. C-220206, 2022-Ohio-4601, ¶ 15, quoting *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, ¶ 51. Here, the probate court

reached the correct judgment. Accordingly, this Court overrules Claimants' first assignment of error.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN ITS DECISION BY FAILING TO PROPERLY FIND FOR APPELLANTS EDGAR ORTIZ AND KEILA MERCADO AND ORDER THE ISSUANCE OF TITLE TO APPELLANTS TO SPECIFICALLY COMPLETE THE CONTRACT EXISTING WITH DECEDENT AND RECOGNIZED BY THE ESTATE AND RESOLVE APPELLANTS' CLAIM FOR TITLE, FOR CONTRACT AND OWNERSHIP OF 3751 ADA AVE., LORAIN, OHIO, AS ASSET OF THE ESTATE OF JESSE LEE MATTHEWS THAT APPELLANTS PAID OFF IN FULL ON MARCH 9, 2020. * * *.[2]

{¶17} In their second assignment of error, Claimants essentially argue that the probate court erred by denying their Motion to Declare. Because this Court's resolution of Claimants' first assignment of error is dispositive of this appeal, Claimants' second assignment of error is moot. *See* App.R. 12(A)(1)(c). Claimants' second assignment of error is overruled on that basis.

III.

{¶18} Claimants' first assignment of error is overruled. Claimants' second assignment of error is overruled on the basis that it is moot. The judgment of the Lorain County Court of Common Pleas, Probate Division is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

---

[2] Like the first assignment of error, this Court has omitted additional language from Claimants' second assignment of error that amounts to an argument in support of the assigned of error. The omission does not affect this Court's analysis.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
CONCURS.

STEVENSON, P.J.
DISSENTING.

{¶19} I respectfully dissent from the majority's opinion as it does not address the relation back doctrine which, if applicable, may protect against the Estate receiving a financial windfall in this case. In essence, Claimants allege in their complaint that Taylor deposited the sale proceeds in Estate accounts after she was appointed executor of the Estate and which would result in an inequitable windfall for the Estate if the Estate were awarded both the real estate and the proceeds of its sale.

{¶20} When addressing Taylor's authority to act on behalf of the Estate, the trial court recognized the relation back doctrine. Pursuant to the relation back doctrine, the prior actions of an executor, i.e., actions made prior to the executor's formal appointment, may be validated if they resulted in a benefit to the estate. *North Akron S. & L. Assn. v. Rondy*, 68 Ohio App.3d 518, 523 (9th Dist.1990), citing *Wrinkle v. Trabert*, 174 Ohio St. 233 (1963). Thus, even if Taylor entered into the Contract before she was appointed executor and did not sign the Contract on the Estate's behalf, Claimants may have a claim against the Estate if the Estate received the proceeds of the Contract.

{¶21} The trial court found that the relation back doctrine does not apply because "the Contract is of no benefit to the estate." The trial court provides no explanation or analysis of how it arrived at this finding with the facts as stated in the pleadings or what other evidence it reviewed. Contrary to this finding, the complaint alleges that the filed inventory and accounts acknowledge the Contract and that "the Estate representative fiduciary was correctly paid in full under the contract." If Taylor was a properly appointed executor after she entered into the Contract and she deposited the sale proceeds in the Estate account, the relation back doctrine could apply because the Estate benefited from the Contract. *See North Akron S. & L. Assn.* at 523. Claimants allege that the Estate, not some other entity, was paid in full. The factual determination of whether the Estate was paid in full at a minimum requires a consideration of the accounts of the Estate to see if the proceeds from the Contract were deposited into the Estate's accounts, evidence that goes beyond the scope of the pleadings. As this Court has recognized, a trial court may not consider evidence that goes beyond the scope of the pleadings in ruling on a motion filed pursuant to Civ.R. 12(C). *Green Tree Servicing, L.L.C. v. Olds,* 9th Dist. Summit No. 27297, 2015-Ohio-3214, ¶ 22. The trial court went beyond the scope of the pleadings when it ruled that the relation back doctrine

does not apply and I would conclude that it erred in granting Smith-Walker's motion for judgment on the pleadings. Accordingly, I respectfully dissent.

APPEARANCES:

ROBERT J. GARGASZ, Attorney at Law, for Appellants.

JONATHAN E. ROSENBAUM, Attorney at Law, for Appellee.