DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Sam Riolo, appeals from the judgment of the Lorain County Court of Common Pleas entering judgment in favor of Appellees, Oakwood Plaza Limited Partnership ("Oakwood") and Richard Desich. We affirm.
 I. {¶ 2} Appellant and Mr. Desich signed a letter of intent on January 20, 2004. Mr. Desich signed the agreement as an authorized representative of Oakwood. The letter outlined in broad terms Appellant's intention to purchase certain real estate from Appellees for the price of $1,000,000. The agreement contemplated that the parties would reach a formal purchase agreement before February 17, 2004. As such, Appellant delivered an agreement to Appellees in an attempt to finalize their agreement. Appellees, however, did not agree with several provisions in the agreement and refused to sign it.
 {¶ 3} Following Appellees' refusal to sign the purchase agreement, Appellant filed a complaint, pro se, for breach of contract on February 28, 2004. Appellees filed their answer to the complaint on April 22, 2004 after receiving an extension of time from the trial court. Thereafter, on June 3, 2004, Appellees filed a motion for judgment on the pleadings, asserting that any agreement reached by the parties did not provide sufficiently definite terms to be enforced. After Appellees filed their motion, Appellant retained counsel. His counsel then requested an extension of time to oppose Appellees' motion. The trial court granted the extension requested by Appellant, and his response was due by July 6, 2004. Appellant did not file his response until July 12, 2004. The trial court granted Appellees' motion for judgment on the pleadings, noting that Appellant had not responded to the motion. The trial court's order is dated July 9, 2004, but it was not journalized until July 20, 2004.
 {¶ 4} Appellant then filed a motion for relief from judgment alleging that the trial court erred in failing to consider his memorandum in opposition to Appellee's motion for judgment on the pleadings. The trial court denied Appellant's motion, noting that the journal entry had been prepared before Appellant filed his untimely response. Appellant timely appealed, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I
"The trial court improperly granted appellee's motion for judgment on the pleadings."
 {¶ 5} In his first assignment of error, Appellant argues that the trial court improperly granted Appellee's motion for judgment on the pleadings. Specifically, Appellant asserts that the signed letter of intent between the parties has terms which are sufficiently definite to be enforced by the trial court. We disagree.
 {¶ 6} This court conducts a de novo review of a trial court's decision to grant a motion for judgment on the pleadings. Fontbank, Inc. v.CompuServe, Inc. (2000), 138 Ohio App.3d 801, 807. Civ.R. 12(C) provides that "[a]fter the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings." When considering a defendant's motion for judgment on the pleadings pursuant to Civ.R. 12(C), the trial court must construe as true all material allegations in the complaint, together with all reasonable inferences to be drawn therefrom. Peterson v. Teodosio (1973),34 Ohio St.2d 161, 165-166. The determination of a motion for judgment on the pleadings is restricted solely to the allegations of the pleadings. Id. at 166. However, an exception does exist to permit consideration of documents attached and incorporated into pleadings. See Civ.R. 10(C). To uphold a judgment on the pleadings pursuant to Civ.R. 12(C), a reviewing court must find, beyond a doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to the relief requested. Lin v. Gatehouse Constr. Co. (1992), 84 Ohio App.3d 96, 99.
 {¶ 7} As such, the trial court was obligated to accept as true, the allegations contained in Appellant's complaint. Those allegations included that the parties entered into an agreement on January 20, 2004, regarding the purchase of real property. Appellant further alleged that Appellees accepted a $1,000 down payment, and that he began making financing arrangements based on their agreement. Appellant alleged that Appellees are in breach of that agreement and refuse to return his down payment. Accepting as true all of Appellant's allegations, there are no set of facts which support his claim for relief.
 {¶ 8} The agreement entered into by the parties was attached as an exhibit to Appellant's complaint and was, therefore, properly considered by the trial court. Civ.R. 10(C). Courts presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement. Kelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus. When the terms in a contract are unambiguous, courts will not in effect create a new contract by finding an intent not expressed in the clear language employed by the parties.Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, 246.
 {¶ 9} The intent of the parties, as demonstrated by the language of their agreement, demonstrates that their January 20, 2004 agreement was not meant to be a purchase agreement. First, the document is entitled a "Letter of Intent", in contrast to the "Agreement to Sell Real Estate" which Appellees refused to sign. Further, the express language of the Letter of Intent contemplates a later, formal agreement between the parties:
"If this LETTER OF INTENT is accepted, the terms shall be in full force and effect until a formal detailed purchase agreement can be prepared by the parties respective counsel by February 17, 2004[.]"
At the time of entering the agreement, the parties even contemplated that a sale might not take place, adding a provision that the $1,000 deposit would not be refunded if the property was not purchased. Appellant then signed the agreement as a "Prospective Buyer."
 {¶ 10} We further note that the Letter of Intent omits essential terms of the agreement. For example, the down payment and the financing terms of the agreement are not included. Instead, the spaces for these items are left blank in the parties' agreement. In Anchor v. Jones (Apr. 22, 1992), 9th Dist. No. 91CA005109, we held that the amount to be financed was an essential term and its omission prohibited enforcement of the parties' agreement. It evidenced that the parties had not manifested an intent to be bound. Id. at 4. Our conclusion that the agreement is not enforceable as a purchase agreement is further bolstered by the language of the Letter of Intent which makes the eventual purchase "subject to financing and completing a proper due diligence acceptable to the Buyer[.]"
 {¶ 11} As such, the plain language of the Letter of Intent does not create an obligation on Appellees to sell the real estate. Rather, pursuant to the agreement, it permitted Appellant until February 17, 2004 to conduct due diligence on the property and prepare an acceptable purchase agreement. As indicated above, a purchase agreement acceptable to Appellees was never prepared, nor was there any allegation that Appellees failed to negotiate this agreement in good faith. As Appellant's sole allegation was that Appellees breached their agreement by failing to sell him the real estate pursuant to the Letter of Intent, the trial court did not err in finding that Appellant had not alleged any set of facts which would entitle him to relief. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court abused its discretion and erred in denying [appellant's] motion for relief from judgment."
 {¶ 12} In his final assignment of error, Appellant asserts that the trial court erred in refusing to grant him relief from judgment. Specifically, Appellant avers that the trial court erred in failing to consider his untimely opposition to Appellee's motion for judgment on the pleadings. We disagree.
 {¶ 13} Civ.R. 60(B) governs motions for relief from judgment and provides, in pertinent part:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Civ.R 59(B)]; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
We review the trial court's decision to deny or grant a Civ.R. 60(B) motion for an abuse of discretion. State ex rel. Russo v. Deters (1997),80 Ohio St.3d 152, 153. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} We begin by noting that a motion alleging error based upon a trial court's failure to consider an untimely brief in opposition to a motion for summary judgment is not a proper Civ.R. 60(B) motion for relief from judgment, but rather "the true nature of the motion submitted and considered [is] that of a motion for reconsideration, which is not recognized under the Ohio Rules of Civil Procedure." Chester Twp. v.Fraternal Order of Police (1995), 102 Ohio App.3d 404, 408. See also, Russell v. Taylor (2000), 7th Dist. No. 99 C.A. 142. We find the same rationale to be applicable to the instant appeal. Appellant's sole alleged basis for relief from judgment was that the trial court erred in failing to consider his untimely motion in opposition. As such, the motion did nothing more than ask the trial court to reconsider its decision. Accordingly, the trial court did not abuse its discretion in denying Appellant's motion for relief from judgment. Appellant's second assignment of error is overruled.
 III. {¶ 15} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant. Exceptions.
Whitmore, P.J., Batchelder, J., concur.