[Cite as *Green Tree Servicing, L.L.C. v. Olds*, 2015-Ohio-3214.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| GREEN TREE SERVICING LLC | C.A. No.     27297 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| ZACHARY OLDS, et al. | COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO |
| Appellants | CASE No.     CV 2011-09-5460 |

DECISION AND JOURNAL ENTRY

Dated: August 12, 2015

CARR, Presiding Judge.

{¶1}     Appellants, Zachary and Mary Olds, appeal the judgment of the Summit County Court of Common Pleas. This Court affirms in part, reverses in part, and remands.

I.

{¶2}     This matter arises out of a real estate transaction involving the property located at 1483 Hampton Ave., Akron, Ohio. In 2006, Zachary and Mary Olds were looking for a new home. Ms. Olds was running a daycare service and one of her clients, Attorney Vincent Farris, offered to put her in touch with a friend who owned property he was willing to sell. Farris' friend, Michael Miller, was interested in selling several properties, including the house on Hampton Ave. When Mr. Olds went to explore the house, he took note of significant problems with the property. While the Olds ultimately agreed to purchase the house from Miller for $84,400, it was Miller's responsibility to ensure that all necessary repairs were done as part of the sale of the property. Miller and Mr. Olds entered into a real estate purchase agreement on

July 18, 2006. The appraisal of the property was performed by Mike Shapuite. The Olds closed on the mortgage loan agreement on July 28, 2006, despite never seeing the appraisal of the property and despite the fact that the repairs had not yet been completed. Farris, who had initially connected the Olds with Miller, facilitated the closing on the mortgage loan agreement.

{¶3} On September 28, 2011, more than five years after the Olds purchased the property, Bank of America filed a foreclosure action against the Olds in the Summit County Court of Common Pleas.

{¶4} The Olds filed a timely answer with counterclaims, along with a third party complaint naming Michael J. Miller and his company Premier Akron Properties, LLC ("Miller"), as well as Mike Shapuite and his company Mike Shapuite Appraisals, LLC ("Shapuite"), as third party defendants. As the litigation unfolded, the Olds subsequently moved to add additional third party defendants, and then filed an amended answer with counterclaims, naming Miller, Shapuite, as well as Vincent Farris and his company, Vantage Pointe Title Agency, Inc. ("Farris"), as third party defendants. In addition to setting forth affirmative defenses to the foreclosure action, the Olds alleged that the third party defendants had engaged in fraud, professional negligence, breach of contract and covenant of good faith and fair dealing, unjust enrichment, civil conspiracy, intentional infliction of emotional distress, as well as additional claims. The Olds alleged that all of the third party defendants acted jointly and in conjunction with each other to victimize the Olds. Bank of America and the various third party defendants filed responsive pleadings.

{¶5} Miller and Shapuite filed motions for summary judgment against the Olds. The Olds filed responses to the motions, and Miller and Shapuite replied thereto. On April 25, 2013, the trial court issued a journal entry granting summary judgment in favor of Miller and Shapuite

on the basis that the Olds' claims against Miller and Shapuite were barred by the statute of limitations. The trial court further noted that in addition to the claims being barred by the statute of limitations, the Olds had failed to demonstrate that a question of material fact existed which would preclude summary judgment in favor of Miller and Shapuite.

{¶6} Farris and Vantage Pointe Title filed separate motions for judgment on the pleadings. The Olds filed briefs in opposition to the motions. In separate journal entries issued on July 15, 2013 and August 5, 2013, the trial court granted the motions filed by Farris and Vantage Pointe Title on the basis that the Olds' claims were barred by the statute of limitations.

{¶7} Bank of America, the original plaintiff, also filed a motion for summary judgment against the Olds, and the Olds responded in opposition to the motion. The trial court proceeded to grant the motion in part and set the remaining issues for trial. Green Tree Servicing, LLC, was subsequently substituted for Bank of America as the party plaintiff. On February 25, 2014, the trial court issued a journal entry indicating that the Olds and Green Tree Servicing had reached a settlement. While the settlement resolved and settled all pending issues between the Olds and Green Tree Servicing, the terms of the settlement indicated that the agreement did not impact the Olds' appeal rights pertaining to any third party defendants who had previously been named in the litigation.

{¶8} The Olds filed a timely notice of appeal. Now before this Court, the Olds raise four assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED PREJUDCIAL ERROR WHEN, FOR PURPOSES OF THE APPLICATION OF THE 4-YEAR FRAUD STATUTE OF LIMITATIONS ON THE CLAIMS BASED IN FRAUD, IT GRANTED SUMMARY JUDGMENT DENYING ZACHARY OLDS HIS RIGHT TO A JURY TRIAL ON THE ISSUE OF REASONABLE DATE OF DISCOVERY.

{¶9} In their first assignment of error, the Olds argue that the trial court erred in granting the motions for summary judgment filed by Miller and Shapuite based on the four-year statute of limitations for fraud. This Court disagrees.

{¶10} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶11} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶12} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once a moving party satisfies its burden of

supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶13} The Olds' central allegation is that Miller, Shapuite, Farris, and Vantage Pointe Title Agency acted in concert to perpetuate a fraudulent scheme surrounding the sale of the Hampton Ave. property in 2006. Both before the trial court and on appeal, the Olds do not dispute that the four-year statute of limitations set forth in R.C. 2305.09(C) is pertinent to their claims. Instead, the Olds contend that the application of the discovery rule should have tolled time for the purposes of the statute of limitations, and that there is a question of fact regarding when they should have been expected to discover the alleged fraud.

{¶14} A statute of limitations "serve[s] a gatekeeping function for courts by (1) ensuring fairness to the defendant, (2) encouraging prompt prosecution of causes of action, (3) suppressing stale and fraudulent claims, and (4) avoiding the inconveniences engendered by delay – specifically, the difficulties of proof present in older cases." *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, ¶ 10. Pursuant to R.C. 2305.09(C), an action for relief on the ground of fraud "shall be brought within four years after the cause thereof accrued[.]" "R.C. 2305.09(C) provides for a four-year statute of limitations on causes of action alleging fraud. The Ohio Supreme Court has interpreted this statute to mean that the four-year limitations period commences to run when the complainant has discovered, or should have discovered in the exercise of reasonable diligence, the alleged fraud." *McDougal v. Vecchio*, 8th Dist. Cuyahoga No. 98003, 2012-Ohio-4287, ¶ 17, citing *Investors REIT One v. Jacobs*, 46 Ohio

St.3d 176 (1989), paragraph 2b of the syllabus; *see also Cundall v. U.S. Bank*, 122 Ohio St.3d 188, 2009-Ohio-2523, ¶ 24 ("Claims for fraud and breach of fiduciary duty based on fraud are governed by the four-year statute of limitations set forth in R.C. 2305.09, unless the claim is not discovered despite reasonable diligence."). In discussing the application of the discovery rule to fraud cases, the Supreme Court of Ohio has stated, "*Constructive* knowledge of facts, rather than *actual* knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule." (Internal citations omitted). *Cundall* at ¶ 30.

**{¶15}** In concluding that the Olds' claims were barred by the statute of limitations, the trial court relied on the authority of *Flagstar Bank, F.S.B. v. Airline Union's Mtge Co.*, 128 Ohio St.3d 529, 2011-Ohio-1961. The *Flagstar* decision dealt with the application of the discovery rule to R.C. 2305.09, albeit Section (D) rather than Section (C). Though the Olds contend the trial court mistakenly relied on the authority of *Flagstar*, we find the *Flagstar* decision instructive to the extent it dealt with the application of the discovery rule to false appraisals in real estate transactions. "The general rule is that a cause of action exists from the time the wrongful act is committed." *Flagstar* at ¶ 13, citing *O'Stricker v. Jim Walter Corp*, 4 Ohio St.3d 84, 87 (1983). The exception to the general rule is the "discovery rule[, which] provides that a cause of action does not arise until the plaintiff knows, or by the exercise of reasonable diligence should know, that he or she had been injured by the conduct of the defendant." *Flagstar* at ¶ 14, citing *Collins v. Sotka*, 81 Ohio St.3d 506, 507 (1998).

**{¶16}** The application of the discovery rule is not uniform, however, and, "[b]y its very nature, the discovery rule (concept) must be specially tailored to the particular context in which it is to be applied." *Flagstar* at ¶ 15, quoting *Browning v. Burt*, 66 Ohio St.3d 544, 559 (1993). *Flagstar* dealt with a professional negligence claim against an appraiser, and the Supreme Court

adhered to the rule of law established in *Investors REIT One* that the cause of action accrues when the act is committed. *Flagstar* at ¶ 27. In resolving the issue in favor of the appraiser, the high court took note of the "volatile nature of the housing market in recent years" and recognized that "appraisers perform services that for four years may subject them to negligence suits for the consequences of their professional acts." *Id.* In holding that the cause of action accrued on the date of the appraisal, the Supreme Court recognized that the appraiser's negligence "would have caused the loans to be less secure immediately" and that but for the false appraisal, "the loan would not have been made on the same terms that it was." *Id.* at ¶ 30.

{¶17} In highlighting the dynamics of the alleged fraud, the Olds assert that the fraudulent scheme permeated both the real estate purchase agreement between the Olds and Miller, as well as the mortgage loan agreement. At the center of the alleged fraud, according to the Olds, was a false appraisal by Mike Shapuite. The Olds maintain that the value of the property was fraudulently inflated to facilitate the sale. Specifically, the Olds assert that "Seller Miller had a real estate company, and he knew from the beginning that a false appraisal was needed to consummate the sale." The Olds agreed to purchase the Hampton Ave. property for $84,400, and the property was subsequently appraised for $85,000. In addition to alleging that Miller arranged with Shapuite for a false appraisal, the Olds further assert that the propagation of the fraud hinged on their mistaken belief that Farris was acting as a friend. The Olds maintain that while Farris made the initial recommendation that the Olds explore the possibility of purchasing Miller's property, Farris never disclosed his true business allegiances with Miller. Farris further acted as the closing agent for the mortgage loan, and he assured the Olds that they were getting a good deal despite never providing them with a copy of the property appraisal. The Olds claimed to have no knowledge of the alleged fraud until a deputy sheriff came to their

house in 2011, and informed them that the Attorney General's Office was investigating fraudulent real estate deals in the area.

{¶18} "[I]n determining the applicable statute of limitations in a given action, * * * the crucial consideration is the actual nature or subject matter of the cause, rather than the form in which the complaint is styled or pleaded." *Dawson v. Astrocosmos Metallurgical*, *Inc*., 9th Dist. Wayne No. 02CA0025, 2002-Ohio-6998, ¶ 21, quoting *Hunter v. Shenango Furnace Co*., 38 Ohio St.3d 235, 237 (1988). Assuming without deciding that the discovery rule can be applied to the Olds' claims,[1] our review of the summary judgment materials reveals that the trial court properly determined that the Olds' claims were timed-barred. In order for the discovery rule to be applicable, the plaintiffs must have exercised reasonable diligence that would have led to the discovery of the alleged fraud. *Flagstar* at ¶ 14, citing *Collins*, 81 Ohio St.3d at 507. Mr. Olds acknowledges that prior to the sale, he investigated the property and noticed that it was "extremely dirty; the ceiling had fallen in the kitchen; bricks were falling off the front porch; there was water in the basement and it smelled; there were feces floating in the basement water; there were claw marks in the wood on the second floor; [and] there was not heat on the [third] floor." These observations were sufficient to alert the Olds to the fact that there were significant issues with the condition of the property. Despite having reason to exercise extreme caution, the Olds agreed to purchase the property in "AS IS" condition, waive any inspection, all while acting without the benefit of hiring a real estate agent. While Miller agreed to make repairs pursuant to the purchase agreement, the Olds proceeded to close on the sale despite being aware that the

---

[1] Ohio courts have repeatedly held that courts should look to the substance of the complaint instead of the labels given to claims when determining the applicable statute of limitations. *See, e.g., Nichter v. Shamansky*, 10th Dist. Franklin No. 14AP-811. 2015-Ohio-1970, ¶ 23. Thus, a party may not extend the statute of limitations for a professional negligence claim by couching the claim in terms of fraud. *Id*.

repairs were not completed by the date of the loan closing. Moreover, the Olds closed on the mortgage loan despite the fact that Farris failed to bring a copy of the appraisal as had been previously discussed. Mr. Olds admitted in his deposition that he never saw the appraisal until the commencement of the instant litigation.

**{¶19}** It follows that even assuming that Miller, Shapuite, and Farris did engage in fraudulent conduct, the discovery rule was not applicable in this case as enough of the information needed for the Olds to pursue their fraud claims was available at the time of the real estate transaction in 2006. As recognized by the Supreme Court in *Flagstar*, the impact of a false appraisal would manifest itself immediately as it would have influenced the terms of the mortgage loan. *Flagstar* at ¶ 30; *see also RBS Citizens, N.A. v. Zigdon*, 8th Dist. Cuyahoga No. 93945, 2010-Ohio-3511, ¶ 46. Despite being aware that there were extreme concerns with the condition of the property, the Olds proceeded to close on the purchase without ever seeing an appraisal. With respect to Farris' alleged role in the fraud, the Olds were aware that their friendship with Farris progressed into a professional association. The Olds were further aware at the time of closing that Farris had failed to provide the appraisal as promised. While the Olds could have obtained a copy of the appraisal a week after the closing for $150, they elected not to do so. While most of the information pertinent to the alleged fraud manifested itself in the summer of 2006, the Olds did not pursue their fraud claims until after the property went into foreclosure. The Olds did not file their initial third party complaint until December 8, 2011, well beyond the four-year statute of limitations set forth in R.C. 2305.09(C). As the trial court correctly concluded that the Olds' claims against Miller and Shapuite were time-barred, the first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED THE SELLER MICHAEL MILLER AND PREMIER AKRON PROPERTIES SUMMARY JUDGMENT AGAINST PURCHASER OLDS BASED ON THE PURPORTED FAILURE TO PRESENT EVIDENCE OF THEIR CLAIMS.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED THE APPRAISER MIKE SHAPUITE AND MIKE SHAPUITE APPRAISALS, LCC SUMMARY JUDGMENT AGAINST PURCHASER OLDS BASED ON THE PURPORTED FAILURE TO PRESENT EVIDENCE OF THEIR CLAIMS.

{¶20} In their second and third assignments of error, the Olds argue that the trial court erred in concluding that they failed to present evidence to overcome the motions for summary judgment filed by Michael Miller, Premier Akron Properties, Shapuite, and Mike Shapuite Appraisals, LLC. A review of the trial court's April 25, 2013 journal entry reveals that the trial court granted the motions for summary judgment on the basis that the Olds' counterclaims therein were barred by the statute of limitations. Specifically, the trial court found "[t]he Olds' Counterclaims against the moving parties are all based upon the alleged fraud. Accordingly, the four year statute of limitations set forth in R.C. 2305.09 applies." While the trial court also determined that the Olds failed to present sufficient evidence to overcome the motions for summary judgment, that portion of the analysis was set forth as an alternative basis to grant the motions for summary judgment. In light of our determination that the trial court correctly concluded that the Olds' counterclaims were barred by the statute of limitations, we decline to address the issues raised in the second and third assignments of error as they have been rendered moot.

**ASSIGNMENT OF ERROR IV**

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN, BASED ON APPLICATION OF THE 4-YEAR FRAUD STATUTE OF LIMITATION, IT GRANTED THE MOTIONS FOR JUDGMENT ON THE PLEADINGS FILED BY DEFENDANT-COUNTERCLAIMANTS AND THIRD-PARTY DEFENDANTS VINCE FARRIS AND VANTAGE POINTE TITLE AGENCY, INC.

{¶21} In their fourth assignment of error, the Olds contend that the trial court erred in granting the motions for judgment on the pleadings filed by Vince Farris and Vantage Pointe Title Agency, Inc.   This Court agrees.

{¶22} In support of their position, the Olds argue that the trial court improperly relied on its prior summary judgment ruling in granting the motions for judgment on the pleadings filed by Farris and Vantage Pointe Title. A review of the record reveals that in separate orders granting judgment on the pleadings in favor of Farris and Vantage Pointe Title, the trial court relied heavily on its summary judgment analysis set forth in its April 25, 2013 entry granting judgment in favor of Miller and Shapuite.  A trial court's determination on a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings, as well as the documents attached and incorporated into the pleadings. *Riolo v. Oakwood Plaza Ltd. Partnership*, 9th Dist. Lorain No. 04CA008555, 2005-Ohio-2150, ¶ 6.  In this case, by relying on its prior summary judgment analysis and the evidentiary discussion contained therein, the trial court considered evidence that fell beyond the scope of the pleadings.  It follows that this matter must be remanded for the trial court to conduct a proper Civ.R. 12(C) analysis.

{¶23} The fourth assignment of error is sustained.

III.

{¶24} The Olds' first assignment of error is overruled.  This Court's resolution of the first assignment of error renders the second and third assignments of error moot.  The fourth

assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

GREGORY R. SAIN and GARY BENJAMIN, Attorneys at Law, for Appellant.

DAVID S. NICHOL, Attorney at Law, for Appellee.

JAYE M. SCHLACHET and ERIC M. LEVY, Attorneys at Law, for Appellee.

JAMES HENSHAW, Attorney at Law, for Appellee.

BRIAN D. SULLIVAN, Attorney at Law, for Appellee.