[Cite as *Peto v. Ruschak*, 2015-Ohio-5538.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| JOHN A. PETO | | C.A. No. 27614 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JIM RUSCHAK, et al. | | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellees | | CASE No. 2013 CVI 2305 |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2015

HENSAL, Presiding Judge.

{¶1} John Peto appeals an order of the Stow Municipal Court that ordered him to pay $11,280 in attorney's fees to Jim Ruschak and Progressive Realty Associates of Ohio, Inc. For the following reasons, this Court reverses.

I.

{¶2} In June 2013, Brett Slagle agreed to buy a house from Mr. Peto for $130,000. After they signed a Residential Purchase Agreement, Mr. Slagle was unable to obtain financing for the sale. He asked Mr. Peto to renegotiate the sales price, but Mr. Peto refused, so Mr. Slagle stopped payment on the check he had given to his realtor, Mr. Ruschak, for his earnest money payment. Although Mr. Peto was able to find another buyer for the property, he filed a complaint against Mr. Slagle, seeking to collect the earnest money as well as the amount he had spent on repairs that Mr. Slagle required him to make. Mr. Peto also brought claims against Mr.

Ruschak, and Mr. Ruschak's company, Progressive Realty, for not depositing Mr. Slagle's earnest money check into an escrow account.

**{¶3}** The case proceeded before a magistrate, who found that there was no contract between Mr. Slagle and Mr. Peto because they did not have a meeting of the minds about the amount of the financing Mr. Slagle would obtain. Mr. Peto objected to the decision, but the municipal court overruled his objections, agreeing that the parties had never had an agreement. Mr. Peto appealed, but this Court dismissed the appeal after he did not file a brief. Mr. Ruschak and Progressive Realty subsequently moved for an award of attorneys' fees under Revised Code Section 2323.51 and Civil Rule 11 in municipal court, arguing that Mr. Peto's complaint was frivolous and that he had filed it merely to harass them. Following a hearing, the municipal court granted their motion. Mr. Peto has appealed, assigning five errors, which we will consider together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT APPLIED THE WRONG LEGAL STANDARD WHEN IT AWARDED SANCTIONS UNDER RULE 11 WHEN THERE WAS NO FACTUAL FINDING OR EVIDENCE OF BAD FAITH.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT APPLIED THE WRONG LEGAL STANDARD TO CONCLUDE THAT THERE WAS A VIOLATION UNDER RC 2323.51, AND WHEN IT AWARDED SANCTIONS UNDER THE STATUTE.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT AWARDED SANCTIONS UNDER R.C. 2323.51 FOR FILING THE COMPLAINT, WHEN THE COMPLAINT WAS TO SECURE PAYMENT OF EARNEST MONEY AS STIPULATED IN THE PARTIES' CONTRACT, THE CLAIMS ASSERTED WERE

WARRANTED UNDER EXISTING LAW, AND THERE WAS NO RULE 11 VIOLATION.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED WHEN IT FOUND THERE WERE NO GOOD GROUNDS TO SUPPORT SELLER'S OBJECTIONS TO THE MAGISTRATE'S REPORT, AND THAT THE OBJECTIONS WERE NOT WARRANTED UNDER LAW.

ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED IN REACHING ITS UNSUPPORTED FINDING THAT PLAINTIFF-APPELLANT FILED THE COMPLAINT TO HARASS THE RELATOR AND BUYER, WHEN THE COMPLAINT WAS TO SECURE PAYMENT OF EARNEST MONEY AS STIPULATED IN THE PARTIES' CONTRACT.

{¶4} Mr. Peto argues that the trial court incorrectly granted Mr. Ruschak's and Progressive Realty's motion for sanctions. In their motion, Mr. Ruschak and Progressive Realty sought payment of their attorney's fees under Civil Rule 11 and Section 2323.51.

{¶5} Under Rule 11, the signature of an attorney or pro se party on a pleading certifies that the signer has read the document, that to the best of his knowledge, information, and belief there is good ground to support it, and that it is not interposed for delay. *P.N. Gilcrest Ltd. Partnership v. Doylestown Family Practice, Inc.*, 9th Dist. Wayne No. 10CA0035, 2011-Ohio-2990, ¶ 31. "If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served." Civ.R. 11. Furthermore, if a violation of the rule is "willful," the violator "may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule." *Id.* "The trial court employs a subjective bad-faith approach in determining whether sanctions are warranted under Civ.R. 11." *Gilcrest* at ¶ 31. "The Supreme Court has described the bad faith requirement

of Civ.R. 11 as 'not simply bad judgment * * * [but a] conscious doing of wrong * * * with actual intent to mislead or deceive another.'" *Id.*, quoting *State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.*, 127 Ohio St.3d 202, 2010–Ohio–5073, ¶ 8.

{¶6} Section 2323.51(B)(1) provides that "any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." The definition of frivolous conduct includes conduct that "obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose" or "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." R.C. 2323.51(A)(2)(a)(i), (ii). "[A]nalysis of a claim under [R.C. 2323.51(A)(2)] boils down to a determination of (1) whether an action taken by the party to be sanctioned constitutes 'frivolous conduct,' and (2) what amount, if any, of reasonable attorney fees necessitated by the frivolous conduct is to be awarded to the aggrieved party." *Gilcrest* at ¶ 32, quoting *Ceol v. Zion Industries, Inc.*, 81 Ohio App.3d 286, 291 (9th Dist.1992).

{¶7} This Court's standard of review on an appeal of an award of sanctions depends on the part of the analysis at issue. The trial court's factual findings will not be overturned if they are supported by competent, credible evidence. *S & S Computer Systems, Inc. v. Peng*, 9th Dist. Summit No. 20889, 2002-Ohio-2905, ¶ 9. We review questions of law, such as whether a claim is warranted under existing law, de novo. *Jefferson v. Creveling*, 9th Dist. Summit No. 24206, 2009-Ohio-1214, ¶ 16. Finally, we review the trial court's decision whether to impose sanctions for improper conduct under an abuse of discretion standard. *Gilcrest* at ¶ 29.

{¶8}     Mr. Peto argues that the municipal court applied the wrong legal standards when it evaluated the motion for sanctions under Civil Rule 11 and Section 2323.51(B)(1).  With respect to Section 2323.51, we note that the court identified the correct definition for frivolous conduct and applied that definition to the complaint, concluding that Mr. Peto's claims were not warranted under existing law nor could be supported by a good faith argument for an extension, modification, or reversal of the law.  With respect to Rule 11, we note that, although the court did not explicitly work through each step of the analysis, it determined that Mr. Peto willfully violated the Rule.  "Absent an affirmative demonstration of error on the record, we must presume that the trial court based its decision on the appropriate law." *Duldner v. Allstate Ins. Co.*, 9th Dist. Summit Nos. 17420, 17503, 1996 WL 397135, *3 (July 17, 1996).  Accordingly, we reject Mr. Peto's argument that the court applied the wrong legal standards.

{¶9}     Mr. Peto next argues that the municipal court incorrectly found that he violated Rule 11 and Section 2323.51.  The municipal court found that Mr. Peto's complaint was frivolous because his claims were not warranted under existing law and could not be supported by a good faith argument for an extension of the law.  It also found that Mr. Peto maintained his frivolous action despite being advised about the state of the law.  The court wrote that the only logical conclusion was that Mr. Peto proceeded with the case merely to harass the defendants. The court also noted that, although Mr. Peto alleged fraud in his claim, he failed to specifically lay out the elements of fraud and did not present any evidence of fraud or damages at trial.  The court further noted that Mr. Peto engaged an attorney to represent him even though it was a small claims case.  Upon review of the record, the court concluded that Mr. Peto had engaged in frivolous conduct under Section 2323.51 and willfully violated Rule 11.

**{¶10}** Although Mr. Peto and his attorney may not have prosecuted his claims successfully, we cannot say that they were not "warranted under existing law" or could not be "supported by a good faith argument for an extension, modification, or reversal of existing law." R.C. 2323.51(A)(2)(a)(ii). The municipal court denied Mr. Peto's breach of contract claim because it concluded that there was no contract between Mr. Peto and Mr. Slagle. Specifically, it found that there was no meeting of minds over the essential terms of the contract, pointing to the fact that the purchase agreement did not indicate the amount of the conventional loan that Mr. Slagle would obtain. In support of its conclusion, the court cited *Riolo v. Oakwood Plaza Ltd. Partnership*, 9th Dist. Lorain No. 04CA008555, 2005-Ohio-2150, ¶ 10, which relied on *Anchor v. Jones*, 9th Dist. Lorain No. 91CA005109, 1992 WL 82652 (Apr. 22, 1992).

**{¶11}** *Anchor* and *Riolo* are distinguishable from the facts of this case. In *Anchor*, the purchase agreement indicated that, if Mr. Jones was unable to obtain a loan commitment, the agreement would be null and void. *Anchor* at * 1. This Court, therefore, agreed with the trial court that the fact that the parties had failed "to fill in the amount to be financed manifested a lack of intention by the parties." *Id*. at *2. Similarly, in *Riolo*, there was language in a letter of intent that made the purchase "subject to financing." *Riolo* at ¶ 10. This Court determined that, because the terms of the financing were not included in the letter, it could not constitute a purchase agreement because it omitted an essential term.

**{¶12}** The purchase agreement that Mr. Peto and Mr. Slagle signed contained two provisions regarding financing. The first indicated that there was a "Mortgage loan to be obtained by Buyer" and indicated that the amount was "TBD." The second was entitled "Financing" and provided:

> Buyer shall make a written application for the above mortgage loan and provide documentation to Seller of said application within 5 days and shall obtain a

commitment for that loan no later than 25 days after acceptance of this offer. At the Seller's written election, if, despite Buyer's good faith efforts, that commitment has not been obtained, this Agreement shall be null and void. Upon signing of a *mutual release* by Seller and Buyer, the earnest money deposit shall be returned to the Buyer without any further liability of either party to the other or to the Brokers and their agents.

Unlike the contracts at issue in *Anchor* and *Riolo*, there was no language in the purchase agreement that made it contingent on Mr. Slagle securing a mortgage loan. At most, the agreement gave Mr. Peto the ability to void the contract if Mr. Slagle failed to obtain financing. *See Clarke v. Hartley*, 7 Ohio App.3d 147, 149 (8th Dist.1982). In Ohio, the general rule is that the performance of a condition precedent may be waived by the party to whom the benefit of the condition runs. *Sharp v. Andisman*, 9th Dist. Summit Nos. 24999, 25002, 2010-Ohio-4452, ¶ 28. We also note that, because Mr. Slagle drafted the document, even if the language regarding financing is ambiguous, it must be construed in Mr. Peto's favor. *Graham v. Drydock Coal Co.*, 76 Ohio St.3d 311, 314 (1996) ("[A] contract is to be construed against the party who drew it."); *Mosley v. Gault*, 9th Dist. Summit No. 8527, 1977 WL 199084, *2 (Nov. 30, 1977).

{¶13} Because the terms of the Residential Purchase Agreement regarding financing merely gave Mr. Peto the ability to void the agreement, a right that he could waive, we conclude that Mr. Peto had at least a good faith argument that those terms were not essential to the agreement. *See Alligood v. Procter & Gamble Co.*, 72 Ohio App.3d 309, 311 (1st Dist.1991) (explaining that the essential terms of a contract include "the identity of the parties to be bound, the subject matter of the contract, consideration, a quantity term, and a price term."). We also note that, in his objection to the magistrate's decision, Mr. Peto cited *McGee v. Tobin*, 7th Dist. Mahoning No. 04 MA 98, 2005-Ohio-2119. In *McGee*, the Seventh District Court of Appeals held that the "essential terms" of a purchase agreement did not include the "terms of payment." *Id.* at ¶ 24, 25. Although the municipal court distinguished *McGee* as a statute of frauds case, it

was at least persuasive authority regarding which terms are essential to a purchase agreement. Accordingly, upon review of the record, we conclude that the municipal court incorrectly determined that Mr. Peto should suffer sanctions because his breach of contract claim was not warranted under existing law or could not be supported by a good faith argument for an extension of the law.

{¶14} Regarding Mr. Peto's fraud claims, the trial court wrote that Mr. Peto did not present any evidence of fraud at the small claims hearing. Mr. Peto argues that he had a valid constructive fraud claim against Mr. Ruschak because Mr. Ruschak owed him a legal or equitable duty to deposit his earnest money check in an escrow account. We do not have a copy of the small claims hearing transcript, however, so we must presume that the trial court's statement about Mr. Peto's failure to present any evidence of fraud is correct. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). We also note that Mr. Peto did not contest the magistrate's determination that he failed to plead fraud properly in his complaint. *See* Civ.R. 9(B). Consequently, we cannot say that it was unreasonable for the trial court to surmise that Mr. Peto's only reason for alleging fraud in his complaint was to harass Mr. Ruschak.

{¶15} Regarding Mr. Peto's alleged failure to present any evidence of damages on his breach of contract claim, we note that, as Mr. Peto argued in his objection to the magistrate's decision, the purchase agreement contained an addendum providing that, if Mr. Slagle failed to consummate the sale, he was entitled to receive Mr. Slagle's earnest money as liquidated damages. *See Cochran v. Schwartz*, 120 Ohio App.3d 59, 61-62 (2d Dist.1997). In *Cochran*, the Second District Court of Appeals upheld a provision allowing the sellers to retain the buyer's earnest money as liquidated damages for the buyer's breach of contract. Accordingly, even if Mr. Peto abandoned his effort to recover for the repairs he made to the property that Mr. Slagle

required of him, we cannot say that his damages argument was unsupported by existing law or that it required evidence beyond the language of the purchase agreement.

{¶16} Regarding Mr. Peto's claims against Mr. Ruschak and Progressive Realty, Mr. Peto argued to the trial court that they owed him a fiduciary duty to not only accept the earnest money check that Mr. Slagle delivered to them, but also deposit it in an escrow account. The municipal court rejected his argument because of the lack of a valid purchase agreement and because, even if Mr. Ruschak and Progressive violated a fiduciary duty, Mr. Peto failed to show damages. As previously discussed, it was reasonable for Mr. Peto to argue that the amount that Mr. Slagle would obtain in financing was not an essential term of the Residential Purchase Agreement. In addition, because his damage claim was based on his belief that he was entitled to the earnest money as liquidated damages, he did not have to provide additional evidence of damages. We also note that there is case law supporting Mr. Peto's fiduciary duty claim. *See Richard T. Kiko Agency, Inc. v. Ohio Dept. of Commerce*, 48 Ohio St.3d 74, 76 (1989); *Depugh v. Ohio Dept. of Commerce*, 128 Ohio App.3d 528, 534 (4th Dist.1998). Although Mr. Ruschak and Progressive Realty contend that Mr. Peto failed to argue those cases to the magistrate, the question on the motion for sanctions was whether Mr. Peto willfully violated Civil Rule 11 or engaged in frivolous conduct under Section 2323.51(B)(1). The fact that Mr. Peto provided authority at trial that did not necessitate a finding in his favor falls short of such standards.

{¶17} Upon review of the record, we conclude that, just because Mr. Peto lost at trial on his breach of contract and breach of fiduciary duty claims does not mean that he willfully violated Rule 11 or engaged in frivolous conduct under Section 2323.51. *See Gilcrest*, 2011-Ohio-2990, ¶ 34. Mr. Peto's assignments of error are sustained, except with respect to his fraud

claim. We remand this case to the municipal court for it to consider the amount Mr. Peto should be sanctioned for improperly alleging fraud in his complaint.

III.

{¶18} Mr. Peto's assignments of error are sustained in part and overruled in part. The judgment of the Stow Municipal Court is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶19}    I would also reverse the trial court's award of sanctions on the fraud claim.

APPEARANCES:

JUNE E. RICKEY, Attorney at Law, for Appellant.

JAMES T. STIMLER, Attorney at Law, for Appellees.