[Cite as *Klossner v. Burr*, 2018-Ohio-1663.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

DAVID KLOSSNER

    Appellee

v.

JAMES BURR

    Appellant

C.A. No.     16AP0069

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     2015-CVC-H-000118

DECISION AND JOURNAL ENTRY

Dated: April 30, 2018

---

HENSAL, Judge.

**{¶1}** James Burr appeals a judgment of the Wayne County Court of Common Pleas that ordered specific performance of a real estate purchase agreement. For the following reasons, this Court affirms.

I.

**{¶2}** In October 2014, David Klossner entered into a real estate purchase agreement with Mr. Burr concerning six acres of land on which Mr. Klossner wanted to build a manufacturing facility. Because the land was not next to the road, the agreement also granted Mr. Klossner a permanent easement on more of Mr. Burr's land so that he could build an entrance to the facility. The agreement was contingent on the parties obtaining the zoning variances needed for the facility from the township where the land is located.

**{¶3}** After the parties signed the agreement, Mr. Klossner started seeking the zoning variances. During the process, he learned that the driveway would have to be 100 feet wide,

instead of the 60 feet provided for in the purchase agreement. He emailed Mr. Burr about modifying the agreement, and Mr. Burr agreed to the change. Next, he learned that the township wanted the facility moved farther away from nearby housing, so he asked Mr. Burr if they could move everything over 75 feet. Mr. Burr agreed to that change too.

{¶4} A couple of weeks after the second modification, Mr. Klossner learned that there was a leach field under some of the land where he intended to build the driveway. The leach field was part of the septic system of a building on adjacent property. Although no one was exactly sure of the leach field's layout, the county health department was concerned that Mr. Klossner's project would damage it. Mr. Klossner told Mr. Burr about the issue and suggested that he take legal action against the neighboring land owner. He also asked Mr. Burr if they could add 15 feet to the south side of the easement on a temporary basis, so that he could begin construction of the facility before the leach-field issue was resolved. Mr. Burr responded by email that Mr. Klossner could have a temporary easement.

{¶5} Mr. Klossner continued working on the project through February 2015. At one point he offered to buy all of Mr. Burr's land, but Mr. Burr found his proposal laughable. On March 7, Mr. Klossner emailed Mr. Burr, explaining that he could not get a septic permit for his facility because the health department feared that the temporary easement might expire before the leach-field issue was resolved. He, therefore, asked Mr. Burr if the temporary easement could become permanent if the neighboring landowner ended up being able to keep the leach field in place. Mr. Burr did not reply to the message. A couple of days later, the health department approved the construction of the driveway, however, based on additional assurances from Mr. Klossner about the leach field.

**{¶6}** Over the following 10 days, Mr. Klossner sent updates to Mr. Burr, but Mr. Burr did not send any replies. On March 17, Mr. Klossner emailed Mr. Burr that there was a good chance that they would be able to close their deal on March 20. Mr. Burr answered that he thought Mr. Klossner had "jumped the gun" because they still had not worked out a definition of "temporary" and the definition that Mr. Klossner's lawyer had proposed was unacceptable. Mr. Burr also explained that he felt as if Mr. Klossner had put him in the position where he had to hire his own lawyer. After receiving a letter from Mr. Klossner's lawyer on March 20 that threatened him with legal action if he did not proceed to closing, Mr. Burr stopped communicating with Mr. Klossner.

**{¶7}** In April 2015, Mr. Klossner filed a complaint for specific performance against Mr. Burr, and the matter proceeded to a bench trial. Following the trial, each party submitted proposed findings of fact and conclusions of law. The court adopted Mr. Klossner's proposal and entered a judgment that conveyed title of the property to him along with a permanent and temporary easement. Mr. Burr has appealed, assigning as error that the trial court abused its discretion when it ordered specific performance.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED SPECIFIC PERFORMANCE AFTER CONSIDERING EXHIBITS AND TESTIMONY NOT PERMITTED UNDER OHIO LAW.

**{¶8}** Mr. Burr argues that the trial court abused its discretion when it ordered him to sell his land to Mr. Klossner. He argues that the court's award was improper because it incorrectly allowed Mr. Klossner to introduce parol evidence at trial, because the agreement was voidable under the doctrine of mutual mistake, and because the agreement's conditions precedent

were not met. He also alleges that there was no exhibit attached to the agreement that Mr. Burr signed.

{¶9} Regarding whether the trial court incorrectly admitted parol evidence, Mr. Burr argues that Mr. Klossner introduced a number of emails at trial to prove the intent of the parties as to the original agreement and to prove that they both consented to the changes to the agreement. Mr. Burr identifies a few places in the record where this allegedly occurred. We note, however, that he did not object to most of the testimony, and the one objection he did raise was only about the numbering of the pages within an exhibit. "It is well settled that the failure to timely object to a possible error results in a forfeiture of the issue for purposes of appeal." *Wiegand v. Fabrizi Trucking & Paving Co.*, 9th Dist. Medina No. 16CA0015-M, 2017-Ohio-363, ¶ 12, quoting *Marsico v. Skrzypek*, 9th Dist. Lorain No. 13CA010410, 2014-Ohio-5185, ¶ 6; *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). We also note that Mr. Burr has not argued that the admission of the alleged parol evidence was plain error.

{¶10} Regarding whether the parties' agreement was voidable because of mutual mistake, we note that Mr. Burr did not argue this theory at trial or in the proposed findings of fact and conclusions of law that he submitted after trial. "Arguments that were not raised in the trial court cannot be raised for the first time on appeal." *JPMorgan Chase Bank, N.A. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12. We, therefore, will not consider Mr. Burr's mutual mistake argument.

{¶11} Regarding whether all of the conditions precedent were met, Mr. Burr argues that the ones set forth in the "Zoning Variance" and "Permanent Easement" sections of the agreement were not met. The Zoning Variance section provided, in part, that "[Mr. Klossner]'s obligation to purchase is subject to [Mr. Burr] obtaining a zoning variance to permit the erection on the

Property of a metal prefabricated building * * * and the construction of a twenty-five foot (25')
wide driveway * * *." "In Ohio, the general rule is that the performance of a condition precedent
may be waived by the party to whom the benefit of the condition runs." *Peto v. Ruschak*, 9th
Dist. Summit No. 27614, 2015-Ohio-5538, ¶ 12. Here, the beneficiary of the condition was Mr.
Klossner, who would have been unable to use the property for its intended purpose without the
variances. Mr. Klossner implicitly waived that condition, and any others that ran to his benefit,
when he told Mr. Burr that he was ready to close on the deal.

{¶12} The "Permanent Easement" section of the agreement provided that it "is for the
purpose of permitting and enabling present and future owners of [the] 6 acres * * * to pass over
the lands for the purpose of utilities, ingress and egress * * *." It described the purposes for
which the easement may be used, its dimensions, and the fact that it cannot be modified without
the consent of Mr. Klossner. It further provided that it will be recorded at the county register's
office and that its number will be cited on any certificates of occupancy issued to the owners of
the six acres. There is no language in the "Permanent Easement" section that creates a condition
precedent. We, therefore, reject Mr. Burr's argument that the agreement was voidable because
of the failure of a condition precedent.

{¶13} Regarding the attachment to the agreement, Mr. Burr alleges that there were
certain exhibits that were not "attached to the contract at the time of signing." He does not
develop an argument, however, as to why that would negate the agreement. This Court has
explained that, if an appellant fails to develop an argument in support of his assignment of error,
"[i]t is not this Court's duty to create [an] argument for him. *Rasberry v. Taylor*, 9th Dist.
Summit No. 26510, 2013-Ohio-2175, ¶ 6, citing *Cardone v. Cardone*, 9th Dist. Summit Nos.

18349, 18673, 1998 Ohio App. LEXIS 2028, *22 (May 6, 1998) ("If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out."); App.R. 16(A)(7).

**{¶14}** Upon review of the record, we conclude that Mr. Burr has failed to establish that the trial court improperly exercised its discretion when it awarded specific performance to Mr. Klossner on the parties' real estate purchase agreement. Mr. Burr's assignment of error is overruled.

III.

**{¶15}** Mr. Burr's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

J. DOUGLAS DRUSHAL and ERIC T. MICHENER, Attorneys at Law, for Appellee.